IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KYLE RAY,

    Plaintiff,

v.                                                            Civ. No. 23-690 JHR/GBW

HOBBS POLICE DEPARTMENT, *et al.*,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court upon a review of the record. Plaintiff filed his Complaint on August 18, 2023. *Doc. 1*. Defendants were served with a summons on December 14, 2023, proof of which was filed with the Court on December 19, 2023. *Docs*. *5*, *6*, *7*, *8*. Defendants' answers or other responsive pleadings were due by January 5, 2024. *See id*. To date, Defendants have filed no answers or other responsive pleadings, and Plaintiff has failed to take any further action to prosecute its case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action for failure to prosecute *sua sponte*. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Additionally, the Court may impose sanctions for Plaintiff's failure to prosecute on the Court's inherent power to regulate its docket and promote judicial efficiency. *See Martinez v. Internal Revenue Serv.*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *United States ex*

*rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005). Based on Plaintiff's failure to prosecute its case, it will be required to show cause why this case should not be dismissed without prejudice.

Wherefore, **IT IS HEREBY ORDERED** that, no later than **fourteen (14) days from the date of this order**, Plaintiff shall show cause in writing why the Court should not assess the sanction of dismissal for failure to prosecute. Failure to respond to this Order shall constitute an independent basis for dismissal.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE